

In The
Court of Appeals
Seventh District of Texas at Amarillo

_____

No. 07-20-00291-CV
_____

JAMES THOMAS GREEN, APPELLANT

V.

TEXAS DEPARTMENT OF CRIMINAL JUSTICE, ET AL., APPELLEES

On Appeal from the 126th District Court[1]
Travis County, Texas
Trial Court No. D-1-GN-19-008736, Honorable Jan Soifer, Presiding

November 23, 2020

MEMORANDUM OPINION

Before QUINN, C.J., and PIRTLE and DOSS, JJ.

Appellant, James Thomas Green, an inmate proceeding pro se, appeals from the trial court's order denying his motion for partial summary judgment. We dismiss the appeal for want of jurisdiction.

Green sued Appellees, the Texas Department of Criminal Justice and its employees, alleging that they defamed him and violated his due process rights during his

---

[1] Originally appealed to the Third Court of Appeals, this appeal was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts. See TEX. GOV'T CODE ANN. § 73.001 (West 2013).

incarceration.  Green later filed "Plaintiff's Motion for Partial Summary Judgment," seeking summary judgment on his due process claims.  The trial court denied the motion and this appeal followed.

An appellate court has jurisdiction to hear an appeal from a final judgment or from an interlocutory order made immediately appealable by statute.  *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001); *Stary v. DeBord*, 967 S.W.2d 352, 352-53 (Tex. 1998) (per curiam).  "[W]hen there has not been a conventional trial on the merits, an order or judgment is not final for purposes of appeal unless it actually disposes of every pending claim and party or unless it clearly and unequivocally states that it finally disposes of all claims and all parties." *Lehmann*, 39 S.W.3d at 205.

The trial court's order denying Green's motion for partial summary judgment did not dispose of all, or any, pending claims and parties and does not include any language purporting to be a final judgment.  Further, we find no statutory authority permitting an interlocutory appeal from this order.  By letter of November 2, 2020, we notified Green that it did not appear from the record that a final judgment or appealable order had been issued by the trial court and directed him to show how we have jurisdiction over the appeal.  Green filed a response but has failed to demonstrate grounds for continuing the appeal.

Because Green has not presented this Court with a final judgment or appealable order, we dismiss the appeal for want of jurisdiction.  *See* TEX. R. APP. P. 42.3(a).

Per Curiam